# MEMORANDUM DECISIONS.

AGNEW, Appellant, v. NEW YORK MARKET GARDENERS' ASS'N, Respondent. (Supreme Court, Appellate Division, Second Department. November 19, 1909.) Action by Jesse B. Agnew against the New York Market Gardeners' Association. No opinion. Judgment of the Municipal Court affirmed, with costs.

AIKMAN, Respondent, v. RICHMOND LIGHT & R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. November 19, 1909.) Action by Hal Nelson Aikman against the Richmond Light & Railroad Company. No opinion. Judgment and order unanimously affirmed, with costs.

ALDRICH, Appellant, v. BORDEN'S CONDENSED MILK CO., Respondent, et al. (Supreme Court, Appellate Division, Second Department. December 10, 1909.) Action by Bertram L. Aldrich against the Borden's Condensed Milk Company and the Nassau Electric Railroad Company, defendant.

PER CURIAM. Order setting aside verdict and granting a new trial reversed, and verdict reinstated, with costs, upon the ground that the verdict was sustained by the evidence, and that no errors were committed upon the trial justifying the order appealed from.

JENKS and RICH, JJ., dissent.

ALLEGRO, Respondent, v. JOHN PEIRCE CO., Appellant. (Supreme Court, Appellate Division, Second Department. December 3, 1909.) Action by Frank Allegro against the John Peirce Company. No opinion. Judgment of the Municipal Court affirmed, with costs.

ALTMAN, Appellant, v. AMERICAN FIRE INS. CO. OF PHILADELPHIA, Respondent. (Supreme Court, Appellate Division, Fourth Department. November 17, 1909.) Action by Joseph Altman against the American Fire Insurance Company of Philadelphia. No opinion. Order reversed, with $10 costs, and motion denied, without costs, in accordance with the stipulation of the parties hereto.

ALTMAN, Appellant, v. FARMERS' FIRE INS. CO. OF YORK, PA., Respondent. (Supreme Court, Appellate Division, Fourth Department. November 17, 1909.) Action by Joseph Altman against the Farmers' Fire Insurance Company of York, Pa. No opinion. Order reversed, with costs, and motion denied, without costs, in accordance with the stipulation of the parties hereto.

ALTMAN, Appellant, v. GERMAN FIRE INS. CO. OF BALTIMORE, Respondent. (Supreme Court, Appellate Division, Fourth Department. November 17, 1909.) Action by Joseph Altman against the German Fire Insurance Company of Baltimore. No opinion. Order reversed, with $10 costs, and motion denied, without costs, in accordance with the stipulation of the parties hereto.

ALTMAN, Appellant, v. PENNSYLVANIA FIRE INS. CO. OF PHILADELPHIA, Respondent. (Supreme Court, Appellate Division, Fouth Department. November 17, 1909.) Action by Joseph Altman against the Pennsylvania Fire Insurance Company of Philadelphia. No opinion. Order reversed, with $10 costs, and motion denied, without costs, in accordance with the stipulation of the parties thereto.

AMERICAN EXCHANGE NAT. BANK, Respondent, v. H. & J. T. SLADE, Appellant, et al. (Supreme Court, Appellate Division, First Department. November 5, 1909.) Action by the American Exchange National Bank against H. & J. T. Slade, a corporation, and another. C. L. Craig, for appellant. R. F. H. Macdonald, for respondent. No opinion. Motion to dismiss appeal denied. Order affirmed, with $10 costs and disbursements. Order filed.

AMERICAN MUTUSCOPE & BIOGRAPH CO. v. FILM IMPORT & TRADING CO. (Supreme Court, Appellate Division, First Department. November 12, 1909.) Appeal from Special Term, New York County. Action by the American Mutuscope & Biograph Company against the Film Import & Trading Company. From an order directing defendant to give plaintiff a bill of particulars, defendant appeals. Modified and affirmed. Leon Kauffman, for appellant. I. Maurice Wormser, for respondent.

PER CURIAM. The order appealed from must be so modified as to require the defendant to furnish a bill of particulars as follows: First. The amount of expense and each item thereof alleged to have been incurred by the defendant in enlarging its business, and when, with whom, for what purpose, and to what amount each of such items of expense was incurred. Second. The names of the parties, dates, nature, subject-matter, in substance, amount, and extent of each and every contract obligation so alleged to have been entered into. Third. The date and amount of each and every expenditure of money by defendant for advertising, or otherwise, so alleged, together with